IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LUKE CASSIDY BOLTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 7:14-CV-004-O |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION ON LIMITATIONS ISSUE

By Order of Reference (ECF-18) this §2254 case was referred to the undersigned for a hearing, if necessary, and proposed findings of fact, conclusions of law, and recommendation for disposition. Currently before the Court is Defendant's Motion to Dismiss by which the state raises the issue of the application of AEDPA's one-year statute of limitations for a prisoner in custody under the judgment of a state to file for habeas corpus relief in federal court. Per the Court's own show cause order (ECF-6), the state has not responded to merits of petitioner's allegations apart from raising the limitations issue.

## Procedural Background

On December 3, 2009, Petitioner Luke Cassidy Bolton was convicted by a jury in the 97th Judicial District Court of Wichita County, Texas in Cause No. 2008-174M-CR of the offense of sexual assault and was sentenced to a term of 20 years.  He filed a direct appeal of his conviction to the Eighth Court of Appeals which affirmed his conviction and sentence on January 26, 2011. Bolton timely sought discretionary review by the Texas Court of Criminal Appeals but was denied that relief on June 29, 2011.  Bolton did not seek direct review by the United States Supreme Court.

1

Accordingly, the ninety day period to seek such review by writ of certiorari expired on September 29, 2011. Seven days later, on October 6, 2011 Bolton filed his first federal habeas corpus application in this Court. Here it remained pending for 578 days until May 22, 2013 when it was dismissed without prejudice for Belton's failure to exhaust available state remedies. Twenty days later, on June 11, 2013, Bolton filed his state application for habeas corpus with the Texas Court of Criminal Appeals. Relief in that court was denied on December 11, 2013. Whereupon, twenty-eight days later on January 9, 2014, he filed this second application for federal habeas corpus in this Court.

Petitioner's Grounds

By his Amended Petition herein, Bolton asserts five grounds for habeas corpus relief, summarized as follows:

1.      Prosecutorial Suppression of Exculpatory Evidence (*Brady* violation)

2.      Interference with Confrontation of Witnesses (derivative of Brady violation)

3.      Denial of Discovery of Arresting Officer's reports (Brady Violation)

4.      Violation of Due Process

5.      Ineffective Assistance of Counsel.

State' Response

Responding to the Court's show cause order by its Motion to Dismiss, the state asserts that Bolton's claims are barred from consideration by this Court due to the expiration of the one-year AEDPA statute of limitations provided for bringing this action. The state claims that the statute of limitations expired on September 29, 2012, one calendar year after September 29, 2011 the date Bolton's judgment became final. Furthermore, relying upon the United States Supreme Court's decision in *Duncan v. Walker* that the pendency of a federal habeas corpus case does not toll the

2

running of the statute, the state argues that Bolton's prior filing in this Court did not toll the running of the statute of limitations while it was pending.  As to possible "equitable tolling" the state asserts that Bolton has not shown any grounds for this Court to apply "equitable tolling."

Bolton's Response

In response to the State's argument, Bolton simply reasserts that limitations does not apply to bar this Court's consideration of the merits of his claims. (ECF-14).

Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations to file a federal habeas corpus petition. 28 U.S.C. §2244(d)(1).  That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending." §2244(d)(2).

As early as 2001 in *Duncan v. Walker*, 121 S. Ct. 2120 (2001) the Supreme Court was called upon to consider whether the pendency of a <u>federal</u> habeas corpus case likewise tolled the statutory limitations period and held that it did not.

A state criminal judgment does not become final for habeas corpus purposes until the last avenue for direct appeal has ended.  After Bolton's direct appeal resulted in an affirmance his petition for discretionary review by the Court of Criminal Appeals was denied on July 27, 2011. His ninety days to file for a writ of certiorari to the United States Supreme Court expired on September 29, 2011.[1]  Therefore, September 29, 2011 is the date of commencement of Bolton's limitations period.  Seven days after that date of commencement, Bolton filed his first federal petition.[2]  That federal proceeding was pending for 578 days until May 22, 2013 when it was dismissed without

---

[1]     *Jones v. Stephens*, 541 Fed App'x 499, 503 (5th Cir. 2013).

[2]     Cause No. 7:11-CV-129, ECF-1.

3

prejudice due to a failure to exhaust.[3]

Within 20 days after this Court's dismissal of his federal petition, on June 11, 2013, Bolton filed a state habeas corpus application alleging the same grounds as asserted in the federal petition. The Court of Criminal Appeals referred it to the trial court which conducted evidentiary proceedings that culminated in findings of fact, conclusions of law and an order denying Bolton's claims on the merits on December 11, 2013. Twenty-eight days later, Bolton was back in this Court. On the face of this time line, in the absence of the application of "equitable tolling," the AEDPA one year statute of limitations ran on September 29, 2012 while his first petition was pending before this Court and well before he filed his habeas corpus petition in the state court.

As late as 2007, the Supreme Court had not decided whether AEDPA's limitations period could be "equitably tolled" under extraordinary circumstances." *Pace v. DiGuglielmo*, 544 U.S. 408 (2007) wherein the court stated in footnote 8, p. 418, saying:

> "We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Cf. *Pliler v. Ford*, 542 U.S. 225, 159 L. Ed. 2d 338, 124 S. Ct. 2441 (2004). Because respondent assumes that equitable tolling applies and because petitioner is not entitled to equitable tolling under any standard, we assume without deciding its application for purposes of this case."

But in *Holland v. Florida*, 560 U.S. 631 (2010) the Supreme Court finally held that under "appropriate circumstances" there may be equitable tolling that would permit a filing of a federal habeas corpus petition beyond the one year limitations period imposed by AEDPA.

After *Holland*, many circuits, including the Fifth, addressed the types of circumstances justified the application of "equitable tolling" of the AEDPA limitations period. As recently as 2012, the Fifth Circuit addressed the issue in *Arita v. Cain*, 500 Fed. App'x 352, saying:

---

[3]        Cause No. 7:11-CV-129, ECF-20.

"AEDPA's statute of limitations is subject to equitable tolling. *Holland*, 130 S. Ct. at 2560. A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted); see also *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that AEDPA is subject to equitable tolling "in rare and exceptional circumstances"). Arita bears the burden of proving that he is entitled to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). p. 353

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). The determination of whether "exceptional circumstances" exists is determined on a case-by-case basis.[4] Review of trial court's decision on equitable tolling is measured by "abuse of discretion standard." *Henderson v. Thaler*, 626 F. 3d 773, 779 (5th Cir. 2010), citing *Flores v. Quarterman*, 467 F. 3d 484 (5th Cir. 2006); *See also Jones v. Stephens*, 541 Fed App'x 499 (5th Cir. 2013).

The Fifth Circuit and the District Courts have repeatedly considered what circumstances are "exceptional" warranting application of "equitable tolling."  Exceptional circumstances have been found to include, " active misleading conduct" by the state,[5] "failure to give timely notice" by the state,[6] mishandling of prisoner filings" by the state,[7] "abandonment by counsel" appointed by the state,[8] "inadequate provision of library" by the state.[9] Circumstances found <u>not</u> exceptional include,

---

[4]     "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[5]     *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir.2002).

[6]     *Hardy v. Quarterman*, 577 F.3d 596 (5th Cir.2009).

[7]     *Critchley v. Thaler,* 586 F.3d 318 (5th Cir.2009).

[8]     *Jones v. Stephens*, 541 Fed App'x 499 (5th Cir.2013)

[9]     *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir.2003)

"delay to file" by the petitioner,[10] negligent miscalculation of time to file by counsel,[11] ignorance of the law by the petitioner,[12] and anywhere where the court found that the petitioner was "not diligent."[13]

As noted by the state, in responding to the state's assertion of the limitations issue Bolton has not alleged specific circumstances that are "exceptional" warranting tolling. He merely reasserts the time line of his pursuit of relief. And as a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" but has been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.."[14] Nowhere have I found that the mere passage of time during the pendency of a petition before the court (state or  federal) constituted "exceptional circumstances" justifying a tolling of the statute so as to preserve the petitioner's right to a review of the merits of his claims. Indeed, in the vast majority of the cases that have addressed the time delay issue, the courts have held that a petitioner has an obligation to monitor the passage of time in his own case and to show

---

[10]     *Davis v. Cain*, 2014 U. S. Dist. LEXIS 131695 (Citing cases of 8 months, 9 months, 12 months, 19 months, 21 months delays before making inquiry.)

[11]     *Jones v. Stephens*, 541 Fed. Appx 499 (5th Cir. 2013).

[12]     *Sutton v. Cain*, 722 F.3d 312 (5th Cir. 2013);  *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002)("neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.").

[13]     Even inadequate representation by counsel requires diligence by the petitioner that may bar equitable tolling. *Manning v. Epps*, 688 F.3d 177 (5th Cir.2012); *Moses v. Cain*, 2014 U.S. Dist. LEXIS 180786 (ED La. 2014).

[14]     *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96(1990); *Smith v. Director*, 2015 U. S. Dist. LEXIS 47962 (E.D. Tex. 2015).

"due diligence" toward protecting his own rights by taking some sort of action to spur resolution of his claims before the expiration of the limitations period.[15]

However, a close examination of the time line in this case for a comparison of the diligence shown by Bolton in his pursuit of relief versus the court's delay in resolution of his claims discloses that his first federal petition pended for 578 days before it was resolved;[16] the state petition took 157 days for the court to resolve on the merits;[17] yet Bolton took only a combined total of 55 days to prepare and file all three of his petition to the courts.[18]  And an examination of the docket sheet with respect to Bolton's original federal court filing[19] reflects that  since the court was not *sua sponte* aware of the failure to exhaust issue the case languished on the docket for 460 days[20] until the state was called upon and did respond by raising the exhaustion failure issue. During the time the case was pending, Bolton did request a status report and was assured that his case was pending before the district judge.[21] He was further informed that it had been referred to a magistrate judge for pretrial management.[22] Finally, the Court is aware that the period while Bolton's case was pending before this Court was a period of transition of responsibilities for review of prisoner petitions (like Bolton's) in the Wichita Falls Division.[23]

---

[15]     See collection of these cases in *Davis v. Cain*, *supra* at footnote 9.

[16]     October 6, 2011 to May 22, 2013 (578 days).

[17]     June 11, 2013 to December 11, 2013 (157 days).

[18]     September 29, 2011 to October 6, 2011 (7days); May 22, 2013 to June 11, 2013 (20 days); December 11, 2013 to January 9, 2014 (28 days)

[19]     Cause No. 7:11-CV-129

[20]     October 6, 2011 to January 24, 2013 (460 days).

[21]     Cause No. 7:11-CV-129, ECF-5.

[22]     *Id*. ECF 6.

[23]     *Id.*

Recommendation

Because the granting of "equitable tolling" is within the discretion of the district court and in the light of the unusually long period of time Bolton's previous petition pended resolution before this Court, I recommend that the District Court equitably toll the AEDPA one-year limitations period for a period of 578 days (the period during which Bolton's case remained unresolved in this Court). Tolling the limitations period for 578 days, I find that consideration of Bolton's current petition before this Court is not barred by AEDPA and recommend that the District Court deny the state's Motion to Dismiss. I further recommend that the District Court call upon the state to answer Bolton's petition on its merits.

Standard Instruction to Litigants

A copy of this recommendation containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED this 28th day of July, 2015.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE